THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
LT GAME INTERNATIONAL LIMITED AND )
LT GAME INTERNATIONAL (USA) LIMITED, )
                                                                        )
                Plaintiffs,            )
                                                                        )
     - against -                                       )     **Case No.**
                                                                        )
DEQ SYSTEMS CORPORATION,              )     **JURY TRIAL DEMANDED**
                                                                        )
                Defendant.            )
---------------------------------------------------------------x

## COMPLAINT

Plaintiffs LT Game International Limited and LT Game International (USA) Limited (hereinafter collectively "Plaintiffs"), by their attorneys Meredith & Keyhani, PLLC, for their Complaint against defendant DEQ Systems Corporation ("DEQ" or "Defendant") allege as follows:

## PRELIMINARY STATEMENT

1.  This is an action for a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6179710, 6638167, 6217447 (individually and/or collectively "Defendant's Patents").

2.  On information and belief, Defendant is the assignee, sole and full owner of all rights in Defendant's Patents.

3.  In addition, Plaintiffs in this action seek judgment and damages against Defendant for tortious interference with Plaintiffs' current and prospective contractual and business relationships.

**Meredith & Keyhani, PLLC**
5 Independence Way Suite 300 Princeton, NJ 08540 • Telephone (609) 945-7406 • Facsimile: (609) 228-4031

## THE PARTIES

4. LT Game International Limited is a company incorporated under the laws of Ontario, Canada and is in the business of sales and marketing of gaming products in the State of New Jersey, the United States and internationally.

5. LT Game International Limited is a licensee of LT Game Limited, a company with principle places of business in Hong Kong and Macau, business, technology, intellectual property and products sold to customers located in the United States and internationally.

6. LT Game International (USA) Limited is a company incorporated under the laws of British Virgin Islands and is in the business of sales and marketing of gaming products in the United States.

7. Defendant is a publicly traded Canadian company located at 1840, 1st Street, Suite 103-A Lévis, Quebec Canada G6W 5M6.

8. Upon information and belief, Defendant is in the business of selling and offering for sale gaming products all over the world including in the United States and the State of New Jersey.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, Title 35, United States Code and common law. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 2201, 1331 and 1338(a), and supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367(a).

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

11.     This Court has personal jurisdiction over Defendant because Defendant regularly transacts business and actively targets customers throughout the United States, the State of New Jersey and within this judicial district.

### FACTUAL BACKGROUND

12.     Beginning on or about June of 2013 Defendant began contacting Plaintiffs' U.S. customers, business partners and potential customers, including Commerce Casino, and began interfering with Plaintiff's current and prospective contractual and business relationships by making allegations that Plaintiffs are infringing Defendant's Patents.

13.     In a meeting on or about June 20, 2013, Plaintiffs and their counsel were advised by representatives of Plaintiffs' customer Commerce Casino that Defendant asserted to Commerce Casino that Plaintiffs' LT Game Live Multi-Table System infringed Defendant's Patents.

14.     At the time of making its allegations of infringement, Defendant was fully aware of Plaintiffs' current and prospective contractual and business relationships with Plaintiffs' customers, business partners and potential customers, including Commerce Casino, when it interfered with these relationships and made these allegations of infringement.

15.     Defendant intentionally interfered with Plaintiffs' current and prospective contractual and business relationships with the intent to induce breach of current contractual and/or business relationships and/or prevent formation of prospective contractual and/or business relationships by representing to them, *inter alia*, that Plaintiffs engaged in unlawful activities that violate Defendant's rights and business with the Plaintiffs may result in legal action against them and subject them to liability and damages.

16. Defendant's aforesaid interference has undermined and/or will likely undermine Plaintiffs' current contractual and/or business relationships and/or prevented formation of prospective contractual and/or business relationships.

17. Plaintiffs have suffered and continue to suffer substantial damages and irreparable harm as a result of Defendant's unlawful actions.

### COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

18. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

19. Plaintiffs do not practice any of the claims of Defendant's Patents and accordingly do not infringe directly or indirectly any of the claims of Defendant's Patents.

20. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

21. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding Defendant's Patents.

### COUNT 2 - DECLARATORY JUDGMENT OF INVALIDITY

22. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

23. Upon information and belief, Defendant's Patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and/or 112.

24. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding Defendant's Patents.

### COUNT 3 - TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE CONTRACTUAL AND BUSINESS RELATIONSHIPS

26. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

27. Defendant's aforesaid actions constitute tortious interference with Plaintiffs' current and prospective business and contractual relationships.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendant, as follows:

(a) A declaration that Plaintiffs have not infringed, either directly or indirectly, any valid and enforceable claim of Defendant's Patents;

(b) A declaration that the claims of Defendant's Patents are invalid;

(c) A declaration that Defendant's Patents are unenforceable;

(d) An order declaring that Plaintiffs are the prevailing party and that this is an exceptional case, awarding Plaintiffs their costs, expenses, disbursements and reasonable attorneys fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

(e) Such other and other relief as this Court may deem just and proper;

(f) An order for Damages resulting from the loss of current and prospective economic value and opportunity due to Defendant's tortious interference with Plaintiff's current and prospective contractual and business relationships;

(g) A preliminary and permanent injunction, enjoining Defendant from interfering with Plaintiffs' current and prospective business and contractual relationships.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiffs hereby demands a trial by jury for all issues triable of right by a jury in this case.

Date:  July 30, 2013

Meredith & Keyhani, PLLC


s/Dariush Keyhani
5 Independence Way
 Suite 300
Princeton, NJ 08540
Telephone (609) 945-7406
Facsimile: (609) 228-4031
dkeyhani@meredithkeyhani.com
www.meredithkeyhani.com