UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LT GAME INTERNATIONAL LIMITED AND LT GAME INTERNATIONAL (USA) LIMITED,**<br><br>Plaintiffs,<br><br>v.<br><br>**DEQ SYSTEMS CORPORATION,**<br><br>Defendant. | Civ. No. 2:13-4593 (WJM)<br><br>OPINION |

## WILLIAM J. MARTINI, U.S.D.J.:

After Plaintiffs LT Game International Limited and LT Game International (USA) Limited (together "LT Game") filed this patent infringement suit against Defendant DEQ Systems Corporation ("DEQ"), LT Game served DEQ in Quebec by way of registered mail. DEQ now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), arguing that service was improper. There was no oral argument. Fed. R. Civ. P. 78(b). For the foregoing reasons, the Court will **QUASH** service. Rather than dismiss the case, the Court will grant LT Game leave to re-serve the Complaint.

Federal Rule of Civil Procedure 4(f)(1) provides for service outside of the United States if the service is authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). "Documents served upon Quebec residents or citizens under Article 10(a) need not be translated into French in order to comply with the Hague Convention." *Taft v. Moreau*, 177 F.R.D. 201, 204 (D. Vt. 1997). Article 10(a) of the Hague Convention ("Article 10(a)") states: "[p]rovided the State of destination does not object, the present Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Convention, art. 10(a). "American courts have disagreed about whether the phrase 'the freedom to *send* judicial documents' in Article 10(a) includes within its meaning the freedom to *serve* judicial documents." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th

1

Cir. 2004) (emphasis in original).  In the absence of controlling authority from the Third Circuit, the Court will adopt the Ninth Circuit's holding in *Brockmeyer* that Article 10(a) "does not interfere with" service of process by international mail, so long as the receiving country does not object.  *See Id.* at 801-03 (internal citation omitted).  The Court also adopts *Brockmeyer*'s holding that service by mail, where permitted by Article 10(a), must still comply with the requirements of Federal Rule of Civil Procedure 4(f).  *Id.* at 803-04.

Here, LT Game purported to serve DEQ under Article 10(a) when it mailed the summons and Complaint to DEQ's Quebec headquarters.  DEQ argues that service was improper because the receiving country, Canada, objects to service by mail under Article 10(a).  DEQ's argument relies on reservations that Canada made to Article 5, which governs service through Canada's "Central Authority."  Def.'s Reply at 3-8, ECF No. 9 (citing Canada's Hague Service Convention Reservations ("Canada's Reservations"), *available at* http://www.hcch.net/index_en.php?act=status.comment&csid=392&disp=resdn (last visited Oct. 1, 2013)).  But Article 5 is not at issue here; Article 10(a) is.  *Cf. Altvater Gessler-J.A. Baczewski Intern. (USA) Inc. v. Sobieski Destylarnia S.A.*, No. 6-6510, 2010 WL 2813617, at *2 n.3 (S.D.N.Y. July 16, 2010) ("Poland's reservation as to Article 10 of the Convention does not affect service by mail when it is accomplished, as here, through the Polish Central Authority.").  Regarding Article 10(a), Canada's Reservations explicitly state: "Canada does not object to service by postal channels."  Canada's Reservations.  Since LT Game purported to serve DEQ by mail under Article 10(a), and since Canada does not object to service by mail under Article 10(a), LT Game's service of DEQ was permitted by the Hague Convention.  *See Brockmeyer*, 383 F.3d at 801-03.

However, LT Game's service did not comply with the requirements of Rule 4(f).  It did not comply with Rule 4(f)(1) because Rule 4(f)(1) does not provide a basis for service by mail.  *Id.* at 804.  It did not comply with Rule 4(f)(2)(B) because LT Game did not send a letter rogatory or a letter of request.  It did not comply with Rule 4(f)(2)(C) because LT Game did not personally deliver the Complaint to DEQ and because the Clerk of the Court did not mail the Complaint.  Service did not comply with Rule 4(f)(3) because LT Game failed to obtain a court order authorizing service by mail.  Finally, service did not comply with Rule 4(f)(2)(A).  Rule 4(f)(2)(A) authorizes service "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction."  *Brockmeyer* held that Rule 4(f)(2)(A) is restricted to personal service.  *Brockmeyer*, 383 F.3d at 806-08.  Even if Rule 4(f)(2)(A) is not limited to personal service, LT Game concedes that Canadian law does not permit corporations in Quebec to be served by mail.  *See* Pl.'s Br. at 6, ECF No. 8 (referring to "Quebec provincial law's aversion to service of process by mail"); *see*

*also Mitchell v. Theriault*, 516 F. Supp. 2d 450, 457-58 (M.D. Pa. 2007) (citing R.S.Q. C-25, § 130).  Because LT Game failed to serve the Complaint in accordance with Rule 4(f), LT Game did not properly serve DEQ.

The Third Circuit has counseled that "when there exists a reasonable prospect that service may yet be obtained," courts should quash service rather than dismiss complaints.  *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).  In accordance with this guidance, the Court will **QUASH** service, **DENY** the motion to dismiss, and order the Clerk of the Court to reissue summonses.  An appropriate order follows.

                                                    /s/ William J. Martini
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 7, 2013**