THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
-----------------------------------------------------------------x
LT GAME  INTERNATIONAL LIMITED,          )
LT GAME  INTERNATIONAL (USA) LIMITED,    )
AND LT GAME (CANADA) LIMITED,            )
                                         )
                 Plaintiffs,             )    Case No. 2:13-cv-04593-WJM-MF
                                         )
- against -                              )
                                         )    JURY TRIAL DEMANDED
                                         )
DEQ SYSTEMS CORPORATION,                 )
                                         )
                 Defendant.              )
-----------------------------------------------------------------x
```

## AMENDED COMPLAINT

Plaintiffs LT Game International Limited and LT Game International (USA) Limited (hereinafter individually and/or collectively "Plaintiffs"), by their attorneys Meredith & Keyhani, PLLC, for their Complaint against defendant DEQ Systems Corporation ("DEQ" or "Defendant") allege as follows:

### PRELIMINARY STATEMENT

1. This is an action for a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6179710, 6638167, 6217447 (individually and/or collectively "Defendant's Patents").

2. On information and belief, Defendant is the assignee, sole and full owner of all rights in Defendant's Patents.

3. In addition, Plaintiffs in this action seek judgment and damages against Defendant for tortious interference with Plaintiffs' current and prospective contractual and business relationships and misappropriation of trade secrets.

## THE PARTIES

4. LT Game International Limited is a company incorporated under the laws of Ontario, Canada and is in the business of sales and marketing of gaming products in the State of New Jersey, the United States and internationally.

5. LT Game International Ltd. is an agent and licensee of LT Game Ltd., a company with principle places of business in Macau and business, technology, intellectual property and products sold to customers located in the United States and internationally.

6. LT Game International (USA) Limited is a company incorporated under the laws of British Virgin Islands and is in the business of sales and marketing of gaming products in the United States.

7. LT Game (Canada) Ltd. is a wholly-owned United States subsidiary of LT Game Ltd., a leading developer and provider of technologically innovative gaming and casino products and services in Macau and Asia.

8. Defendant is a publicly traded Canadian company located at 1840 1st Street, Suite 103-A Lévis, Quebec Canada G6W 5M6.

9. Upon information and belief, Defendant is in the business of selling and offering for sale gaming products all over the world including in the United States and the State of New Jersey.

## JURISDICTION AND VENUE

10. This action arises under the Patent Laws of the United States, Title 35, United States Code and common law. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 2201, 1331 and 1338(a), and supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367(a).

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

12. This Court has personal jurisdiction over Defendant because Defendant regularly transacts business and actively targets customers throughout the United States, the State of New Jersey and within this judicial district.

## FACTUAL BACKGROUND

13. Over the past few years the Plaintiffs and Defendant have worked together on a number of business ventures.

14. Since 2010 Defendant has worked with the Plaintiffs in selling Plaintiffs' Live Table Multi Game electronic table gaming product in the United States and elsewhere.

15. However, beginning on or about June of 2013 Defendant began contacting Plaintiffs' U.S. customers, business partners and potential customers, including California Commerce Casino Club, Inc. ("Commerce Casino"), and began interfering with Plaintiffs' current and prospective contractual and business relationships by making allegations that Plaintiffs' Live Table Multi Game product infringe on one or more claims of Defendant's Patents.

16. In a meeting on or about June 20, 2013, Plaintiffs and their counsel were advised by representatives of Plaintiffs' customer Commerce Casino that Defendant asserted to

Commerce Casino that Plaintiffs' offer for sale of its LT Game Live Multi-Table product infringed one or more claims of Defendant's Patents.

17. At the time of making its allegations of infringement, Defendant was fully aware of Plaintiffs' current and prospective contractual and business relationships with Plaintiffs' customers, business partners and potential customers, including Commerce Casino, when it interfered with these relationships and made these allegations of infringement.

18. Defendant intentionally interfered with Plaintiffs' current and prospective contractual and business relationships with the intent to induce breach and/or to profit by making Plaintiffs' prospective deals and contracts more costly for the Plaintiffs.

19. Defendant's aforesaid actions have undermined and will continue to undermine Plaintiffs' prospective contractual and/or business relationships, prevent formation of prospective contractual and/or business relationships and increase the cost associated with current and prospective contracts and deals.

20. Plaintiffs have suffered and continue to suffer substantial damages and irreparable harm as a result of Defendant's aforesaid unlawful actions.

## COUNT 1 - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

21. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

22. Plaintiffs do not practice any of the claims of Defendant's Patents and accordingly do not infringe directly or indirectly any of the claims of Defendant's Patents.

23. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding Defendant's Patents.

## COUNT 2 - DECLARATORY JUDGMENT OF INVALIDITY

25. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

26. Upon information and belief, Defendant's Patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.,* 101, 102, 103, and/or 112.

27. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain its rights regarding Defendant's Patents.

## COUNT 3 - TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE CONTRACTUAL AND BUSINESS RELATIONSHIPS

29. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

30. Defendant's aforesaid actions constitute tortious interference with Plaintiffs' current and prospective business and contractual relationships.

**COUNT 4 - MISAPPROPRIATION OF TRADE SECRETS – LT Game (Canada) Ltd.**

31. Plaintiff LT Game (Canada) Ltd. repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

32. This is a claim for relief for theft of trade secrets and arises under common law of the State of New Jersey.

33. For the purpose of assessing the desirability and viability of establishing a business venture relating to the development of an innovative computerized playing card dealing shoe with LT Game Ltd. ("LT Game"), LT Game (Canada) Ltd.'s parent company, LT Game entered into a mutual non-disclosure and confidentiality agreement in August of 2010.

34. Assured that its rights in trade secrets would be maintained in confidence and respected and that it would retain all right, title, and interest in and to all of the work created by Defendant, LT Game (Canada) Ltd. disclosed its trade secrets to the Defendant.

35. The trade secrets disclosed to Defendant included software, hardware, source code, and technical and business know-how related to a computerized playing card dealing shoe.

36. LT Game (Canada) Ltd. derives economic value from the trade secrets misappropriated by the Defendant because this information is not generally known to the public, not readily ascertainable, and of significant value to the operation of LT Game (Canada) Ltd.'s business.

37. LT Game (Canada) Ltd. disclosed trade secrets to Defendant relating to the design, functionality and development of an innovative computerized playing card dealing shoe to Defendant.

38.     The trade secrets herein were only disclosed to those who had a need to know and only to the extent of such need to know in order that they could carry out their work for LT Game (Canada) Ltd.

39.     LT Game (Canada) Ltd. has taken and does take steps to maintain the secrecy of its trade secrets, including, but not limited to, limiting access to confidential information stored on its computer systems and the Internet, through password protection and other means, and the use of non-disclosure agreements.

40.     Defendant misappropriated LT Game (Canada) Ltd.'s trade secrets by using it in connection with the design, manufacture and sale of its own products, including the "HAWK Intelligent Shoe" and disclosing the trade secrets to others without the right to do so or consent of LT Game (Canada) Ltd.

41.     As a result of Defendant's trade secret misappropriation, LT Game (Canada) Ltd.'s has suffered monetary damages and its business has been injured.

42.     LT Game (Canada) Ltd. has suffered irreparable harm and there is no adequate remedy at law.

**WHEREFORE**, Plaintiffs prays for a judgment against Defendant, as follows:

(a)     A declaration that Plaintiffs have not infringed, either directly or indirectly, any valid and enforceable claim of Defendant's Patents;

(b)     A declaration that the claims of Defendant's Patents are invalid;

(c)     A declaration that Defendant's Patents are unenforceable;

(d) An order declaring that Plaintiffs are the prevailing party and that this is an exceptional case, awarding Plaintiffs their costs, expenses, disbursements and reasonable attorneys fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

(e) Such other and other relief as this Court may deem just and proper;

(f) An order for Damages resulting from the loss of current and prospective economic value and opportunity due to Defendant's tortious interference with Plaintiff's current and prospective contractual and business relationships;

(g) A preliminary and permanent injunction, enjoining Defendant from interfering with Plaintiffs' current and prospective business and contractual relationships; and

(h) An order for all damages sustained by LT Game (Canada) Ltd. as a result of Defendant's misappropriation of its trade secrets including lost profits and unjust enrichment and an order for injunctive relief to destroy and/or return trade secret protected information unlawfully obtained and cease and desist from any further use of this information.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiffs hereby demand a trial by jury for all issues triable of right by a jury in this case.

Date:  December 12, 2013

Meredith & Keyhani, PLLC

s/Dariush Keyhani
5 Independence Way Suite 300
Princeton, NJ 08540
Telephone (609) 945-7406
Facsimile: (609) 228-4031
dkeyhani@meredithkeyhani.com